UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAIN YOUNG, | ) |
| Plaintiff, | ) |
| v. | ) 18-CV-1370 |
| MICHAEL MELVIN, et al., et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his incarceration in the Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that the food supervisor in the inmate kitchen wrote Plaintiff a false disciplinary report accusing Plaintiff of disobeying a direct order and assaulting the food supervisor. In particular, the food supervisor falsely accused Plaintiff of pinning the food supervisor between Plaintiff and a gate that the food supervisor was attempting to lock. (10/13/16 incident report, d/e 1 p. 20.) Plaintiff's requests for inmate witnesses to be interviewed and video footage to be reviewed were allegedly ignored. Plaintiff was found guilty and was punished with six months revocation of good time credit and six months of segregation, along with other punishments.

Plaintiff seeks damages, contending that the disciplinary committee failed to consider exonerating evidence by failing to investigate, interview inmate witnesses, or review video footage.

Plaintiff's claim necessarily challenges the validity of the revoked good time. In federal court, a challenge to the loss of good time may be pursued only in a federal habeas action, after the exhaustion of state court remedies. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus); *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001)(explaining state court procedures available for challenging the revocation of good time).

However, whether Plaintiff's claim is barred must be determined on a more developed record. Plaintiff is convicted of murder, according to the IDOC website, which may make the revocation of his good time illusory. James v. Pfister, 708 Fed.Appx. 876 (not published in Fed.Rptr.)(7th Cir. 2017)("[I]n Illinois an inmate convicted of first-degree murder does not earn, and thus cannot lose, good time. See 730 ILCS 5/3-6-3(a)(2)(i), (a)(3).").

Accordingly, this action proceeds on Plaintiff's procedural due process claim.  Plaintiff states an additional possible claim against the food supervisor (Defendant Anderson) for retaliating against Plaintiff for orally requesting an officer's help during the incident.  Plaintiff also alleges that Defendant Anderson wrote the ticket because Anderson is prejudiced against African-Americans.  This allegation is conclusory, but the claim will remain in the case for further development.

Only Defendants Anderson, Posey, Wolf and Melvin were involved in disciplining Plaintiff without considering exonerating evidence, or, in Defendant Anderson's case, bringing about that discipline.  Defendants Davidson, Michelin, Delia, Jones, Simpson, Baldwin, and Doe allegedly failed to investigate or take action in response to Plaintiff's complaints, but the Constitution does not impose those duties.  <u>Brown v. Randle</u> 847 F.3d 861, 865 (7th Cir. 2017)("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."); <u>Polzin v. Mutter</u>, 503 Fed.Appx. 474, 476 (7th Cir. 2013)(not published in Fed. Rptr.)(There is no constitutional duty to "search for, or assist a defendant in developing, mitigating evidence.")

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

**IT IS THEREFORE ORDERED:**

(1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims: (1) a Fourteenth Amendment procedural due process claim against Defendants Anderson, Posey, Wolf, and Melvin; (2) a First Amendment retaliation claim against Defendant Anderson; and (3) a Fourteenth Amendment claim against Defendant Anderson for race discrimination. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by

a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

(2) Defendants Davidson, Michelin, Delia, Jones, Simpson, Baldwin, and Doe are dismissed without prejudice for failure to state a claim against them.

(3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

(4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After

Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

(5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

(6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a

motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

(7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.

(8) Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

(9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

(10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

(11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

(12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

(13) **The clerk is directed to terminate Defendants Davidson, Michelin, Delia, Jones, Simpson, Baldwin, and Doe.**

(14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

(15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: November 27, 2018

FOR THE COURT: <u>     s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE